IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


NORMA BURDEN,                    :

       Plaintiff,               :

vs.                             :   CIVIL ACTION 08-0178-CB-M

ANDY NELMS,                      :

       Defendant.               :


REPORT AND RECOMMENDATION


       Plaintiff, who is proceeding *pro se*, commenced this action
by filing a self-styled Complaint and a Motion to Proceed Without
Prepayment of Fees ("Motion")(Doc. 2).  Plaintiff's Motion was
referred to the undersigned for appropriate action pursuant to 28
U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1]  Because
Plaintiff sought leave to proceed *in forma pauperis* under 28
U.S.C. § 1915 by filing her Motion, the Court is required to
screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).  *Troville*
*v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e)
to non-prisoner actions).  After review of the Complaint (Doc.
1), it is recommended this action be dismissed with prejudice for
lack of subject matter jurisdiction.[2]

_____

       [1]Local Rule 72.2(c)(1) provides for the automatic referral of
non-dispositive pretrial matters to a Magistrate Judge.

       [2]In light of this Report and Recommendation, Plaintiff's Motion
to Proceed Without Prepayment of Fees (Doc. 2) is MOOT.

I.  Nature of Proceedings.

The Complaint filed by Plaintiff is against her former attorney who represented her in *Burden v. International Longshoremen's Ass'n, Local #1410, et al.,* CA 05-0582-WS-M (S.D. Ala. May 14, 2007).[3]  (Doc. 1).  She describes her claim as one for misrepresentation (*id.*) or malpractice (Doc. 3).  She alleges that her prior action was lost because Defendant withdrew from representing her.  (Doc. 1).  In a hearing on Defendant's Motion to Withdraw, Defendant allegedly told the judge that "the case was too costly" and "he misplaced [her] file for a year," a matter of which Plaintiff was not aware.  (*Id.*).  In addition, she informs that she is being sued in small claims court by a defendant in her prior action.  (*Id.*).

The Complaint reflects a Mobile, Alabama, address for Plaintiff, and identifies Defendant as being located in Montgomery, Alabama.  (*Id.*).  Absent from the one-page Complaint is a request for relief and the basis on which this Court has subject matter jurisdiction.

In Plaintiff's prior action, an employment discrimination action, she filed her initial complaint *pro se* on October 10, 2005. CA 05-0582-WS-M (Doc. 1).  Then, on June 6, 2006, Defendant

---

[3]The Court takes judicial notice of its records.  *ITT Rayonier, Inc. v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. July 20, 1981).

Nelms filed his Entry of Appearance for Plaintiff. (Doc. 38). On January 18, 2007, Defendant Nelms filed his Motion to Withdraw, stating that "the attorney-client relationship has irretrievably broken." (Doc. 63). A hearing was held on his motion on January 22, 2007. After the hearing, an Order was issued on January 26, 2007, stating that a ruling would "not be entered until after the Court has discussed with counsel their settlement efforts." (Doc. 65). Subsequently, the parties filed their Joint Statement Concerning Parties' Position as to Settlement and Plaintiff's Counsels' Renewed Motion to Withdraw (Doc. 67). The parties advised the Court that they "were unable to reach a settlement and they [did] not believe that additional discussions [would] yield a different result." Defendant Nelms further advised the Court that "they have communicated to the Plaintiff that her case has legal and factual impediments such that continued attempts to litigate would not be in good faith and may bring censure." On February 8, 2007, the Motion to Withdraw was granted. (Doc. 68).

On April 30, 2007, an Order was entered granting summary judgment for some defendants. (Doc. 86). Another Order was entered on May 14, 2007, dismissing the remaining defendants (Doc. 90). Judgment dismissing the action for defendants was also entered at that time. (Doc. 91). On September 10, 2007, after the action was closed, Plaintiff filed a copy of a

3

complaint filed in the Small Claims Court of Baldwin County that Otis Washington, a defendant in Plaintiff's prior federal action, had filed against her. (Doc. 99). He claimed that because Plaintiff named him as a defendant, she slandered him and caused him distress, upset, legal expenses, and embarrassment. (*Id.*).

II. <u>Discussion</u>.

    A. <u>Lack of Subject Matter Jurisdiction</u>.

    A federal court is a court of limited of jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). That is, a federal court is authorized by the Constitution or Congress to hear only certain types of actions. *Id.* "Because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001). "[A] federal court should inquire into whether it has subject matter jurisdiction at the earliest stage in the proceedings. . . [and] is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 2000) (citations omitted). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the

4

court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

It is a plaintiff's duty in a federal civil action to set forth in the complaint the basis for the Court's subject matter jurisdiction. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends."); *Kirkland Masonry, Inc. v. Comm'r*, 614 F.2d 532, 533 (5th Cir. 1980)(same).[4]  Furthermore, Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a complaint "must contain a short and plain statement of the grounds for the court's jurisdiction[.]"[5]  Plaintiff, however, has not identified

---

[4]The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[5]Rule 8(a) of the Federal Rules of Civil Procedure (2007) states:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> > (2) a short and plain statement of the claim

5

a basis for the Court's jurisdiction, nor has she provided facts that would support federal jurisdiction.   Even though a *pro se* plaintiff's allegations are held to a more lenient standard than the allegations of an attorney, *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-596 (1972), the Court is still unable to discern a basis for its jurisdiction.[6]

B.   <u>Lack of Diversity of Citizenship Jurisdiction</u>.

Despite Plaintiff's failure to plead a jurisdictional basis, the Court will examine Plaintiff's allegations and determine whether they will support this Court's jurisdiction over Plaintiff's Complaint.   In the absence of a jurisdictional statement, the Court will analyze the two bases for this Court's jurisdiction, diversity of citizenship and federal question.   The federal district court has "original jurisdiction of all civil

---

showing that the pleader is entitle to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

---

[6]However, a *pro se* plaintiff still "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 960 (1989).

actions where the matter in controversy exceeds the sum or value
of $75,000, exclusive of interest and costs, and is between . . .
citizens of different States . . . ."   28 U.S.C. § 1332(a)(1)
(2005).   Plaintiff indicates that Defendant is a citizen of
Alabama and does not contend that Defendant is a citizen of a
state other than Alabama.   The mere presence of one non-diverse
defendant destroys diversity of citizenship jurisdiction.
*Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 388-89,
118 S.Ct. 2047, 2052-53 (1998).   Accordingly, the Court finds
that it does not have diversity of citizenship jurisdiction over
Plaintiff's action due to the failure to establish that Defendant
is a citizen of a state other than Alabama.

    C.   <u>Lack of Federal Question Jurisdiction</u>.

    "Absent diversity of citizenship, a plaintiff must present a
'substantial' federal question in order to invoke the district
court's jurisdiction." *Wyke v. Polk County School Bd.,* 129 F.3d
560, 566 (11th Cir. 1997).   Under federal question jurisdiction,
district courts are given "original jurisdiction of all civil
actions arising under the Constitution, laws, or treaties of the
United States."   28 U.S.C. § 1331 (1988).   "In general, a case
'arises under' federal law if federal law creates the cause
action . . . ." *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368,
1373 (11th Cir. 1998).   Whether an action arises under federal
law is determined by the "well-pleaded complaint" rule. *Id.*

7

That is, a court is required to look at the complaint to determine based on the face of the complaint whether the complaint contains a claim arising under federal law. *Id.*

Plaintiff's Complaint contains no reference to a federal law, and the Court does not discern a claim arising under federal law. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.) (federal law does not provide a cause of action for legal malpractice), *cert. denied,* 520 U.S. 1162 (1997). The fact that Defendant was involved in Plaintiff's prior federal action does not create federal jurisdiction. *See Kokkonen,* 511 U.S. at 381, 114 S.Ct. at 1677 (no federal jurisdiction existed to enforce the settlement agreement reached by the parties to the action previously filed in federal court); *Diaz,* 85 F.3d at 1505 (no federal jurisdiction existed over action suing an attorney who had represented plaintiff and other prisoners in a prior class action). Plaintiff's claim, therefore, does not come within the purview of the district courts' federal question jurisdiction.

This Court does not have federal question jurisdiction to hear an action with claims solely arising under state law. It is state law that creates the cause of action against a legal service provider for providing deficient legal services. ALA. CODE §§ 6-5-570 - 581 (1993). Because Plaintiff's alleged legal malpractice claim arises under state law, the Court lacks federal question jurisdiction to hear Plaintiff's action.

III. <u>Conclusion</u>.

Having analyzed Plaintiff's claim for legal malpractice, and finding that the Court does not have jurisdiction over this claim, and determining that the probability of Plaintiff establishing this Court's jurisdiction over a lone legal malpractice claim is non-existent, it is recommended that this action be dismissed with prejudice.   Plaintiff is advised, during the time for filing objections to this Report and Recommendation, that she should bring before the Court any and all matters that she maintains give this Court jurisdiction over her claim.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a

brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 1st day of August, 2008.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE